UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRYCE W. PERKINS** | : | **DOCKET NO. 2:19-cv-0283** |
| **D.O.C. # 582440** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DARREL VANNOY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Bryce Perkins, who is represented by counsel in this matter. Perkins is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana State Penitentiary at Angola, Louisiana. This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

I.
BACKGROUND

The appellate record shows that, following a jury trial in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, the petitioner was convicted on February 20, 2011, of one count of second degree murder. *State v. Perkins*, 124 So.3d 605, 607 (La. Ct. App. 3d Cir. 2013). The trial court granted a post-verdict motion for acquittal, reducing the conviction to manslaughter and then sentencing him to a 30-year term of imprisonment. *Id.* On appeal from the state, the

Louisiana Third Circuit Court of Appeal reinstated the second degree murder conviction and remanded the case for resentencing. *Id*. The petitioner was resentenced to a mandatory term of life imprisonment without benefit of parole on July 27, 2012. *Id.* The petitioner then sought review in the Third Circuit, alleging excessive sentence as his sole assignment of error. *Id.* The Third Circuit reviewed the claim on the merits and denied relief on November 6, 2013. *Id.* at 607–09.

The petitioner states that he did not seek further review from this ruling. Doc. 1, p. 3. Instead, he asserts, he next sought relief through an application for post-conviction relief filed in the trial court on November 20, 2014. *Id.* at 4. There he raised claims of ineffective assistance of counsel and insufficient evidence. *Id.* He maintains that the trial court denied the application on June 18, 2018, and that the Louisiana Third Circuit Court of Appeal denied writs on January 17, 2019. *Id.* at 7. He admits that he did not seek writs with the Louisiana Supreme Court. *Id.* at 15.

Perkins filed the instant petition through counsel on March 5, 2019. As his sole claim for relief he alleges that his constitutional rights were violated when his trial counsel prevented him from testifying in his own defense. *Id.* at 6. He provides no memorandum in support of his petition and no supporting facts or law for his claim.

## II.
## LAW & APPLICATION

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*,

431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Exhaustion and Procedural Default*

Exhaustion and procedural default are both affirmative defenses that may be considered waived if not asserted in the respondent's responsive pleadings. *E.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any assertions by respondent under these doctrines, in addition to conducting our own review.

#### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must

have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### 2. *Procedural Default*

When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary "to correct a fundamental miscarriage of justice." *Coleman v. Thompson*, 111 S.Ct. 2546, 2553–54, 2564 (1991) (internal quotations omitted). Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default) or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). This is not a jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989). To serve as adequate grounds for a federally cognizable default, the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

*C. Application*

As an initial matter, the petitioner's failure to brief his claim provides the court with no basis to determine whether there is any merit to his petition. It is the petitioner's burden to show a right to habeas relief, and this petitioner points to nothing in the record to support his general claim that counsel prevented him from testifying on his own behalf. Accordingly, the petitioner must amend his complaint and brief any claim he wishes to preserve, with citation to record evidence where available and applicable Fifth Circuit precedent.

Because of the lack of briefing in this matter, the court cannot discern whether the claim raised here was also the basis for his ineffective assistance claim raised on post-conviction relief. Even if that is the case, however, the claim would be unexhausted due to the petitioner's admitted failure to seek writs with the Louisiana Supreme Court. The court cannot review an unexhausted claim, and such a claim may also be subject to technical procedural default if the petitioner is no longer able to exhaust it. Accordingly, the petitioner must explain his failure to exhaust and state any grounds for excuse of a procedural default. If he desires a chance to return to state court and exhaust his claim, he should move to stay this matter pending exhaustion, while also showing good cause for his failure to exhaust, or dismiss the petition without prejudice.

**III.**
**CONCLUSION**

Perkins's petition is deficient as described above. If he does not cure these deficiencies, the matter is subject to dismissal under Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Perkins at his last address on file.

**IT IS ORDERED** that Perkins amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Perkins is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 7th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE