UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRYCE W. PERKINS** | : | **DOCKET NO. 2:19-cv-0283** |
| **D.O.C. # 582440** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DARREL VANNOY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Bryce W. Perkins, who is represented by counsel in this matter. This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636.

Upon reviewing Perkins's original petition, the court noted that he had admitted to not seeking writs to the Louisiana Supreme Court on either his direct appeal or his application for post-conviction relief. Doc. 2, pp. 1–2. We also informed Perkins that, under well-settled federal law, each of his claims must have been presented to the state's highest court, even when review by that court is discretionary. *Id.* at 3–4 (citing *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987)). We also noted that failure to exhaust could become grounds for technical procedural default. *Id.* at 4–5. Accordingly, we ordered the petitioner to explain his failure to exhaust, so as to excuse any potential procedural default, and to seek a stay in the event that he wished to return to state court and properly exhaust his claim for relief. *Id.*

-2-

Perkins responds by stating that he did not seek review of the Third Circuit's decision on his application for post-conviction relief because the court denied his application on procedural grounds. Doc. 3, att. 1, pp. 2–3. He does not show that he ever attempted to correct the procedural basis for the denial, however. Accordingly, this matter remains unexhausted and the court finds no basis for staying matters indefinitely while Perkins attempts to correct any procedural deficiencies and properly exhaust his claims. Instead,

**IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** due to the presence of unexhausted claims. Perkins may seek federal habeas relief through another petition only after he can show exhaustion of his claims.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth

-3-

arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 9th day of April, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE